This matter was originally presented to us on briefs on September 26, 1934, in the form of an application for remedial writs. Five Justices were of the opinion that writs should issue. The CHIEF JUSTICE, the sixth member of the court, as it was then numerically constituted, dissented on the grounds that plaintiff was the nominee in the intendment of the law. Of the five Justices who were of the opinion that the writs should issue, three fixed the return date for November 26, 1934, with a stay order, while two were of the opinion that the said return date should be fixed in time for the rendition of a final decree prior to the general election of November 6, 1934, and were opposed to the issuance of a stay order in connection with the writs.
The record discloses that plaintiff at no time filed any pleadings with this court protesting against the return date fixed.
On November 7, 1934, relator filed in this court a petition alleging that on September 21, 1934, plaintiff had filed proceedings against the Democratic Executive Committee of the Third Supreme Court District, under No. 4331 of the docket of the Thirteenth judicial district court for the parish of Evangeline, in which he sought a prohibitory injunction for the purpose of enjoining the members of the committee from conducting the primary election of October 9, 1934, and a mandatory injunction for the purpose of *Page 533 
compelling the committee to declare him the nominee as the result of the death of Justice Overton, his opponent, on September 9, 1934, under the provisions of section 30 of Act No. 97 of 1922; and, in the alternative, to canvass the returns of the election of September 11, 1934, and certify and declare him the nominee as the result thereof; that on September 28, 1934, Thomas F. Porter, plaintiff, filed a motion requesting the judge of the Thirteenth judicial district court for the parish of Evangeline to dismiss the suit, which the trial court did the same day; that Thomas F. Porter also filed his notice of intention to become a candidate for the Democratic nomination in the primary of October 9th, with the chairman of the committee, without protest or reservation of his rights; that he participated in the said election as a candidate and voted in the said election, but was defeated by his opponent, John B. Fournet, who was certified by the Executive Committee after canvassing the returns of the election, as the Democratic nominee to represent that party in the general election of November 6, 1934; that under the provisions of section 16 of Act No. 97 of 1922, having participated in the election and voted, he pledged himself to abide by the results of the primary election of October 9, 1934, and support the nominee thereof in the general election; and that as a result of plaintiff's action, he has abandoned his suit and the questions presented have now become moot. The facts alleged are borne out by annexed certified copies of the respective relevant documents.
The record shows that Thomas F. Porter did not file any contest against his opponent, *Page 534 
John B. Fournet, under the provisions of section 27 of Act No. 97 of 1922, but, on the contrary, it appears that he filed a motion in this proceeding in the Nineteenth judicial district court for the parish of East Baton Rouge, on September 26, 1934, asking the court to dismiss the suit. On October 19, 1934, he filed another motion asking for the right to withdraw the one filed on September 26th, which the trial court granted on the same day. On November 6, 1934, John B. Fournet was elected in the general election. On November 13, 1934, Thomas F. Porter filed another motion asking the judge of the Nineteenth judicial district court to dismiss his suit, but this motion was apparently not acted upon by the trial court.
On November 26, 1934, for return and answer to the order of this court issuing the writs and making them returnable on November 26, 1934, Thomas F. Porter claimed that he was entitled to be recognized as the Democratic nominee under the judgment of the district judge of the Nineteenth judicial district court, dated September 25, 1934, but "that whatever right respondent had in said judgment was destroyed by the order of this Honorable Court staying and suspending the said judgment for twenty days beyond the date on which it was of value, that is, the date on which the General Election was held, and, by the action of this Court in not granting your respondent a hearing on the correctness of said judgment before the said General Election." Plaintiff and respondent submitted the matter without argument or brief.
It is clear from the action taken by Thomas F. Porter with reference to the suit filed *Page 535 
against the committee in the Thirteenth judicial district court for the parish of Evangeline, and the suit filed against the Secretary of State in the Nineteenth judicial district court, that he has expressed an unequivocal intention of abandoning the litigation.
However, assuming that Thomas F. Porter had no intentions of abandoning his asserted rights, a view most favorable to him, a re-examination of the whole subject-matter, with reference to the procedure that he adopted and the merits of his claims to the nomination, confirms our opinion, for the reasons assigned in connection with the issuance of the writs and the fixing of the return date, that he not only adopted the wrong procedure in asserting his claims, but that his position with reference to the merits is unfounded.
For the reasons assigned, the proceedings, both in this court and in the district court, are hereby dismissed.
O'NIELL, C.J., and ROGERS and ODOM, JJ., concur in the result on the ground that this is a moot case, and each of them hands down an opinion.